Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85018
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com

Robert S. Reder (024117)
BLYTHE GRACE PLLC
3260 North Hayden Road, Suite 103
Scottsdale, Arizona 85251
Telephone: (480) 663-8838
Facsimile: (480) 429-3679
Email: Robert@blythegrace.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Litzendorf,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**Property Maintenance Solutions, LLC**, and Arizona Limited Liability Company, **Wallin Holdings, LLC**, an Arizona Limited Liability Company, **Empire Capital, LLC**, an Arizona Limited Liability Company, **Mission Capital, LLC**, an Arizona Limited Liability Company, **James Wallin and Jane Doe Wallin**, a married couple, **Daniel Shreeve and Lindsay Shreeve**, a married couple, **B. Biggs and Jane Doe Biggs**, a married couple, and **Chad Cluff and Jane Doe Cluff**, a married couple,<br><br>　　　　　　　Defendants. | No. 2:16-CV-00271-GMS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 15(a) and this Court's July 22, 2016, Rule 16 Scheduling Order (Dkt. 26), Plaintiff requests that this Court grant his Motion for Leave to File the attached First Amended Complaint (Attached as **Exhibit A**). A redline version that compares the Amended Complaint to the original Complaint is attached as **"Exhibit B."** The following Memorandum of Points and Authorities supports this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Plaintiff has met the standard for obtaining leave to file an amended complaint under Federal Rule of Civil Procedure 15.**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but "a court should liberally allow a party to amend its pleading…Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013), quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In light of new information discovered by Plaintiff subsequent to the filing of the original Complaint, good cause for amending the Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's Motion for Leave to File First Amended Complaint.

None of the factors that may discourage granting a motion for leave to amend is present in this case. Plaintiff moved swiftly to file this amendment in order to comply with this Court's deadline for amending the pleadings. Thus, there is no undue delay in Plaintiff's request to amend. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive.

The interests of justice and judicial economy will undoubtedly be served by having

2

all allegations and parties properly before the Court as set forth in Plaintiff's proposed First Amended Complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by Plaintiff in the proposed amendment, since Defendants have first-hand knowledge of the roles that they played in the transactions and occurrences at issue, and discovery is currently in its infancy. No prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile, as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper.

Accordingly, in the interest of justice, this Court should grant Plaintiff's Motion for Leave to File First Amended Complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

**II.     Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to file his proposed First Amended Complaint.

RESPECTFULLY SUBMITTED this 15th day of September, 2016.

3

THE BENDAU LAW FIRM PLLC

/s/    *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiff

## Certificate of Service

I certify that on this 15th Day of September, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam C. Anderson
ANDERSON BANTA CLARKSON PLLC
48 North Macdonald
Mesa, AZ 85201

/s/*Clifford P. Bendau, II*
Clifford P. Bendau, II