1  Clifford P. Bendau, II (030204)
2  Christopher J. Bendau (032981)
   THE BENDAU LAW FIRM PLLC
3  PO Box 97066
   Phoenix, AZ 85060
4  Telephone: (480) 382-5176
   Facsimile: (602) 956-1409
5  Email: cliffordbendau@bendaulaw.com
   Attorneys for Plaintiff
6

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF ARIZONA

9  William J. Litzendorf,
                                        No.  2:16-cv-00271-GMS
10                      Plaintiff,

11 vs.                                   **FIRST AMENDED COMPLAINT**

12                                       **(Demand for Jury Trial)**
   **Property Maintenance Solutions, LLC**,
13 and Arizona Limited Liability Company,
   **Wallin Holdings, LLC**, an Arizona Limited
14 Liability Company, **Empire Capital, LLC**,
   an Arizona Limited Liability Company,
15 **Mission Capital, LLC**, an Arizona Limited
   Liability Company, **James Wallin and Jane**
16 **Doe Wallin**, a married couple, **Daniel**
   **Shreeve and Lindsay Shreeve**, a married
17 couple, **B. Biggs and Jane Doe Biggs**, a
   married couple, and **Chad Cluff and Jane**
18 **Doe Cluff**, a married couple,

19                      Defendants,

20

21        Plaintiff, William J. Litzendorf ("Plaintiff"), individually, by and through the

22 undersigned attorney sues the Defendants, Property Maintenance Solutions, LLC

23 ("Defendant Property Maintenance"), Wallin Holdings, LLC ("Defendant Wallin

24 Holdings"), Empire Capital, LLC ("Defendant Empire"), Mission Capital, LLC ("Defendant

25 Mission"), Cluff Property Management, LLC ("Defendant Cluff Property Management")

26

27

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

James Wallin and Jane Doe Wallin and their marital community, Daniel Shreeve, Lindsay Shreeve, the marital community of Daniel Shreeve and Lindsay Shreeve, B. Biggs and Jane Doe Biggs and their marital community, and Chad Cluff and Jane Doe Cluff and their marital community (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.     Additionally, the Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") § 23-355, states that, "if any employer…fails to pay wages due any employee, the employee may recover in a divil action against an employer or former employer an amount that is treble the amount of the unpaid wages." See A.R.S. § 23-355.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

6. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7. At all material times, Defendant Property Maintenance was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Property Maintenance does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Plaintiff was an employee of Defendant Property Maintenance. At all relevant times, Defendant Property Maintenance, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Property Maintenance was an employer subject to the FLSA and employed Plaintiff.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

9.     At all material times, Defendant Wallin Holdings was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Wallin Holdings does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10.     At all relevant times, Plaintiff was an employee of Defendant Wallin Holdings. At all relevant times, Defendant Wallin Holdings, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Wallin Holdings was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

11.     At all material times, Defendant Empire was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Empire does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Plaintiff was an employee of Defendant Empire. At all relevant times, Defendant Empire, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Property Maintenance Solutions,

LLC. In any event, at all relevant times, Defendant Empire was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

13.     At all material times, Defendant Mission was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Mission does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

14.     At all relevant times, Plaintiff was an employee of Defendant Mission. At all relevant times, Defendant Mission, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Mission was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

15.     At all material times, Defendant Cluff Property Management was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Cluff Property Management does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16.     At all relevant times, Plaintiff was an employee of Defendant Cluff Property Management. At all relevant times, Defendant Cluff Property Management, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendant Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Cluff Property Management was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

17.     At all relevant times, Defendant James Wallin owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Property Maintenance Solutions, LLC. At all relevant times, Defendant James Wallin had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant James Wallin was an employer subject to the FLSA and employed Plaintiff.

18.     Upon information and belief, Defendant James Wallin was and continues to be a resident of Maricopa County, Arizona.

19.     Jane Doe Wallin is the fictitious name for Defendant James Wallin's spouse. When Jane Doe Wallin's true name has been ascertained, this Complaint shall be amended accordingly. James Wallin and Jane Doe Wallin have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

20.     At all relevant times, Defendant Daniel Shreeve owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Property Maintenance Solutions, LLC. At all relevant times, Defendant Daniel Shreeve had the authority to hire

and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Daniel Shreeve was an employer subject to the FLSA and employed Plaintiff.

21.     Upon information and belief, Defendant Daniel Shreeve was and continues to be a resident of Maricopa County, Arizona.

22.     At all relevant times, Defendant Lindsay Shreeve owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Property Maintenance Solutions, LLC. At all relevant times, Defendant Lindsay Shreeve had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Lindsay Shreeve was an employer subject to the FLSA and employed Plaintiff.

23.     Upon information and belief, Defendant Lindsay Shreeve was and continues to be a resident of Maricopa County, Arizona.

24.     Upon information and belief Defendant Daniel Shreeve and Defendant Lindsay Shreeve are husband and wife. Defendant Daniel Shreeve and Defendant Lindsay Shreeve have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

-7-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

25.     At all relevant times, Defendant B. Biggs owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Property Maintenance Solutions, LLC. At all relevant times, Defendant B. Biggs had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant B. Biggs was an employer subject to the FLSA and employed Plaintiff.

26.     Upon information and belief, Defendant B. Biggs was and continues to be a resident of Maricopa County, Arizona.

27.     Plaintiff is unable to determine Defendant B. Biggs true name. When Defendant B. Biggs' true name has been ascertained, this Complaint shall be amended accordingly.

28.     Jane Doe Biggs is the fictitious name for Defendant B. Biggs' spouse. When Jane Doe Biggs' true name has been ascertained, this Complaint shall be amended accordingly. B. Biggs and Jane Doe Biggs have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

29.     At all relevant times, Defendant Chad Cluff owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Property Maintenance Solutions, LLC. At all relevant times, Defendant Chad Cluff had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's Employment with Property Maintenance Solutions, LLC. In any event, at all relevant times, Defendant Chad Cluff was an employer subject to the FLSA and employed Plaintiff.

30.     Upon information and belief, Defendant Chad Cluff was and continues to be a resident of Maricopa County, Arizona.

31.     Jane Doe Cluff is the fictitious name for Defendant Chad Cluff's spouse. When Jane Doe Cluff's true name has been ascertained, this Complaint shall be amended accordingly. Chad Cluff and Jane Doe Cluff have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

32.     At all relevant times, Plaintiff was an "employee" of Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, James Wallin, Daniel Shreeve, Lindsay Shreeve, B. Biggs, and Chad Cluff as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

33.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, James Wallin, Daniel Shreeve, Lindsay Shreeve, B. Biggs, and Chad Cluff.

34.     At all relevant times, Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, James Wallin, Daniel Shreeve, Lindsay Shreeve, B. Biggs, and Chad Cluff were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

35.     At all relevant times, Defendants Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, and Mission Capital, LLC, were joint

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

employers of Plaintiff. At all relevant times, (1) Defendants Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, were not completely disassociated with respect to the employment of Plaintiff, and (2) Defendants Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, were under common control. In any event, at all relevant times, Defendants Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs.

36.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

37.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## NATURE OF THE CLAIM

38.     Defendants own and/or operate as Property Maintenance Solutions, LLC, an enterprise located in Maricopa County, Arizona.

39.     Plaintiff was hired by Defendants to work as a maintenance man, and Plaintiff worked for Defendants between approximately May 1, 2013 and September 22, 2015.

40.     Defendant improperly classified Plaintiff as an independent contractor. However, at all times, Plaintiff was an employee of Defendants.

41.     While employed by Defendants, Plaintiff worked between 50 and 60 hours per week.

42.     Plaintiff was compensated at a flat hourly rate for all hours worked in a given workweek, regardless of the amount of hours Plaintiff worked in a given workweek, even when Plaintiff worked in excess of 40 hours in a given workweek, and for all hours Plaintiff worked in excess of 40 hours in a given workweek.

43.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

44.     Defendants instructed Plaintiff about when, where, and how to perform his work.

45.     Defendants controlled Plaintiffs schedule.

46.     Defendants prohibited Plaintiff from working for any other maintenance companies.

47.     Defendants planned to start having taxes withheld from Plaintiff's paychecks, but decided against it for the sole purpose of avoiding overtime obligations.

48.     The following further demonstrate that Plaintiff was an employee.

   a.   Defendants had the sole right to hire and fire Plaintiff;

   b.   Defendants required Plaintiff to complete an employee application and participate in an interview as a prerequisite to his employment;

   c.   Defendants made the decision not to pay overtime;

   d.   Defendants supervised Plaintiff and subjected Plaintiff to Defendants' rules;

   e.   Plaintiff has no financial investment with Defendants' business;

   f.   Plaintiff had no opportunity for profit or loss in the business;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

g.  The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

h.  Plaintiff was hired as a permanent employee, working for Defendants for more than two years.

49.    Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one half time his regular rate of pay for all hours worked in excess of 40 hours per week.

50.    As a result of Defendants' willful failure to compensate Plaintiff one and one half times his regular rate of pay for all hours worked in excess of 40 hours per week, Defendants have violated 29 U.S.C. § 207.

51.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay to Plaintiff one and one half times his regular rate of pay for all hours in excess of 40 hours per week would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

52.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff the applicable overtime rate for all hours worked in excess of 40 during his regular workweeks.

53.    In a given workweek, and during each and every workweek for which Plaintiff worked for Defendants, Defendants failed to pay Plaintiff one and one half times his regular rate of pay for all hours in excess of 40 per week. In doing so, Defendants failed to pay Plaintiff the proper overtime rate, in willful violation of 29 U.S.C. § 207.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

54.    For example, during workweek of July 28, 2014, Defendants failed to pay Plaintiff one and one half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40. In doing so, Defendants paid Plaintiff less than the required overtime wage rate for such work that Plaintiff worked for Defendants, in willful violation of 29 U.S.C. § 207.

55.    As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage for such hours worked, Defendants have violated 29 U.S.C. § 207.

56.    Plaintiff believes and therefore avers that Defendants owe him similar wages for each and every workweek during which he worked for Defendants for the entire duration of his employment. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

57.    Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff to work. As such, Defendants' records of Plaintiff's time worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff to work.

58.    As such, any applicable overtime wages are owed to Plaintiff for all hours worked.

59.    As a result of Defendants' willful failure to compensate Plaintiff at the applicable overtime rate, Defendants have also violated Arizona Wage Law.

60.    Plaintiff is a covered employee within the meaning of the FLSA.

61.    Plaintiff was a non-exempt employee.

62.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

63.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

64.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

65.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.     Defendants' practice of failing to pay Plaintiff one and one half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violates the FLSA, 29 U.S.C. § 207.

67.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the applicable hourly rate at which employees are employed are applicable to Defendants or Plaintiff.

68.     Plaintiff is therefore entitled to compensation at the applicable overtime premium for all hours worked in excess of forty per week, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

**WHEREFORE**, Plaintiff, William J. Litzendorf, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Property Maintenance Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, Cluff Property Management, LLC, James Wallin, Daniel Shreeve, Lindsay Shreeve, B Biggs, Chad Cluff, the marital community of James Wallin and Jane Doe Wallin, the marital community of Daniel Shreeve and Lindsay Shreeve, the marital community of B Biggs and Jane Doe Biggs, and the marital community of Chad Cluff and Jane Doe Cluff, for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: ARIZONA WAGE LAW FAILURE TO PAY WAGES DUE

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Defendants' practice of willfully failing to pay Plaintiff proper overtime wages for labor performed violates Arizona Wage Law, ARS § 23-355.

71.     Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, William J. Litzendorf, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Property Maintenance

Solutions, LLC, Wallin Holdings, LLC, Empire Capital, LLC, Mission Capital, LLC, Cluff Property Management, LLC James Wallin, Daniel Shreeve, Lindsay Shreeve, B Biggs, Chad Cluff, the marital community of James Wallin and Jane Doe Wallin, the marital community of Daniel Shreeve and Lindsay Shreeve, the marital community of B Biggs and Jane Doe Biggs, and the marital community of Chad Cluff and Jane Doe Cluff, for compensation for an amount that is treble the amount of unpaid wages, plus reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of October, 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066
Phoenix, Arizona 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060

1

## **Certificate of Service**

2      I certify that on this 6th Day of October, 2016, I electronically transmitted the

3 attached document to the Clerk's Office using the CM/ECF system for filing and

4 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6      Adam C. Anderson
       ANDERSON BANTA CLARKSON PLLC
7      48 North Macdonald
       Mesa, AZ 85201

8

9 /s/ *Clifford P. Bendau, II*
  Clifford P. Bendau, II

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-17-