**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
(480) 788-3053
aanderson@abclawgroup.com

Adam C. Anderson/024314
Attorney for all Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Litzendorf,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Property Maintenance Solutions, LLC, an Arizona limited liability company; et. al,<br><br>　　　　Defendants, | Case No.: 2:16-cv-00271-SMM<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Assigned to the Honorable Judge G. Murray Snow) |

In bringing this motion, Defendants do not concede that Plaintiff was other than an independent contractor for Cluff Property Management.[1] However, even assuming, as Plaintiff alleges, that is not the case, Defendants are not subject to FLSA because they are not engaged in commerce and they do not gross $500,000 or more.

Plaintiff, having conducted discovery and voluntarily waiving his opportunity to depose any of Defendants or their representatives, can provide no credible evidence to show that Defendants should be subject to FLSA

---

[1] SOF ¶¶ 20-21.

jurisdiction. No such evidence exists because most of the defendants are not employers under the FLSA, and the two entities that had the most dealings with Plaintiff—Cluff Property Management, which hired him as an independent maintenance contractor and Property Maintenance Solutions, which scheduled maintenance visits for Cluff Property Management—are not engaged in interstate commerce and do not gross $500,000 or more.

Plaintiff sues 13 entities and individuals "for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b)."[2] Specifically, Plaintiff alleges that Defendants failed to pay overtime, violating "FLSA, 29 U.S.C. § 207."

"To establish jurisdiction for an overtime violation under the FLSA, the plaintiff employee must show either, (1) individual coverage -- that the employee was engaged in commerce or in the production of goods for commerce; or (2) enterprise coverage -- that the employer was engaged in commerce or in the production of goods for commerce."[3]

**A.   Plaintiff Cannot Establish Enterprise Coverage.**

"The issue of enterprise coverage is easily decided. An employer is subject to enterprise coverage under the FLSA where it 'has employees engaged in

---

[2] Plaintiff's First Amended Complaint, ¶ 1.

[3] *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1370 (S.D. Fla. 2008)(citing See 29 U.S.C. § 207(a)(1)).

commerce or in the production of goods for commerce … and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."[4]

### 1. Defendants Are Not Involved In Commerce Under The FLSA.

For Plaintiff to be able to succeed on his claim, his alleged employers must be engaged in "commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[5]

They aren't.

The commerce referred to in the FLSA means interstate commerce.[6] And though Defendants acknowledge that interstate commerce is a broad concept that encompasses many things, Defendants are not engaged in interstate commerce. They are all Arizona entities or individuals that work or reside exclusively in Arizona.

> "[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or

---

[4] *Guzman*, 551 F. Supp. 2d at 1370 (qtg. 29 U.S.C. § 203(s)).

[5] 29 USC § 203(s)(1)(A)(i).

[6] See, e.g., *Fleming v Alterman,* 38 F Supp 94, (1941, DC Ga); *Divine v Levy,* 39 F Supp 44, (1941, DC La); *Jones v Springfield Missouri Packing Co.,* 45 F Supp 997, (1942, DC Mo); and *Daly v Citrin,* 53 F Supp 876, (1943, DC Mich).

communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel."[7]

The former Fifth Circuit

"has consistently held that the work of maintenance employees in the office buildings occupied by tenants a substantial number of whom are there engaged wholly or in part in interstate commerce, but who do not there produce goods for interstate commerce, is too remote from the 'in commerce' activities of such tenants as to cause such employees to be covered by the Act."[8]

Cluff Property Management manages Arizona residential properties in Arizona.[9] Property Maintenance Solutions manages the maintenance contractors that provide maintenance for the CPM-managed residential properties.[10] Property Maintenance Solutions has never performed work outside

---

[7] *Olson v. Star Lift, Inc.*, 709 F. Supp. 2d 1351, 1354 (S.D. Fla. 2010) (qtg. *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1267 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2))).

[8] *Id.* (qtg. *Tobin v. Girard Properties, Inc.*, 206 F.2d 524, 527 (5th Cir. 1953) (internal citations omitted)); but see *Kirschbaum v. Walling*, 316 U.S. 517, 525-26, 62 S. Ct. 1116, 86 L. Ed. 1638 (1942) (holding that maintenance workers in a building that did produce goods for interstate commerce were covered under the FLSA). The maintenance in this case, where defendants do not produce goods for commerce, resembles *Tobin* rather than *Kirschbaum*.

[9] SOF ¶ 18.

[10] SOF ¶ 11.

of Arizona.[11] Those entities' members and managers are all Arizona entities and individuals established, living, and working in Arizona.[12]

Nor can Plaintiff argue that the work he performed for Cluff Property Management included interstate commerce. He repaired various problems in Arizona residential properties, nothing else.[13] That is not interstate commerce.

Because Plaintiff cannot raise a credible question of fact about Defendants' involvement in interstate commerce, the FLSA has no jurisdiction over Defendants and summary judgment is appropriate.

### 2. Plaintiff Cannot Establish Enterprise Coverage.

If the court finds that Defendants are somehow involved in interstate commerce, the only credible evidence regarding Plaintiff's employment with any of the Defendants is the Independent Contractor Agreement between Plaintiff and Cluff Property Management.[14]

But Plaintiff alleges of 10 of Defendants that they were "an employer subject to the FLSA and employed Plaintiff:"

- Property Maintenance Solutions[15]
- Wallin Holdings[16]

---

[11] SOF ¶ 14.
[12] SOF ¶¶ 14, 17.
[13] SOF ¶ 15.
[14] SOF ¶¶ 20-21.
[15] 1st Amended Complaint, ¶ 8.
[16] *Id.* ¶ 10.

- Empire Capital[17]
- Mission Capital[18]
- Cluff Property Management[19]
- James Wallin[20]
- Daniel Shreeve[21]
- Lindsay Shreeve[22]
- B. Biggs[23]
- Chad Cluff[24]

The three defendants not alleged to be employers are Jane Doe Cluff (who is really Brittany Biggs and alleged to be an employer), Jane Doe Biggs (who does not exist), and Jane Doe Wallin (who is deceased).

In other words, Plaintiff, alleged that everyone employed him. But Plaintiff has no evidence, other than his bare, factually unsupported allegations, that all of Defendants employed him.

Defendants concede that Plaintiff was employed, on a contract basis only, by Cluff Property Management.[25]

---

[17] *Id.* ¶ 12.
[18] *Id.* ¶ 14.
[19] *Id.* ¶ 16.
[20] *Id.* ¶ 17.
[21] *Id.* ¶ 20.
[22] *Id.* ¶ 22.
[23] *Id.* ¶ 25.
[24] *Id.* ¶ 29.
[25] SOF ¶¶ 20-21.

Plaintiff's only mechanism for involving the other defendants is through a joint employment theory. But Plaintiff has no evidence that any of the other defendants was a joint employer with Cluff Property Management.

### (a)  Defendants were not joint employers.

Determining whether Defendants are joint employers is

> "comprised of factors that ask 'whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of pay; and (4) maintained employment records.'"[26]

None of the *Bonnette* factors applies:

- Only CPM had the power to hire or fire Litzendorf as an independent maintenance contractor. No other Defendant had the power to do that.[27]
- None of the Defendants supervised or controlled Litzendorf's work schedules. Property Maintenance Solutions gave Litzendorf, and other independent maintenance contractors, opportunities to perform maintenance work for CPM. If the independent maintenance contractors accepted the opportunity, they were able to get it done based on their schedule and the tenant's schedule as long as it was completed in a reasonable amount of time.[28]
- The only Defendant who determined the rate and method of pay was CPM.[29]

---

[26] *Montoya v. 3PD, Inc.*, 2014 U.S. Dist. LEXIS 93806, at *8 (D. Ariz. July 9, 2014)(qtg. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469, 1470 (9th Cir. 1983)(see also *Real v. Driscoll Strawberry Assoc., Inc.*, 603 F.2d 748, 756 (9th Cir. 1979); *Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973)).

[27] SOF ¶ 30.

[28] SOF ¶ 31.

[29] SOF ¶ 32.

- The only Defendants to have records regarding the work Litzendorf performed were CPM and Property Maintenance Solutions, which kept Litzendorf's turned in work reports in order to pay him.[30]

Additional "non-regulatory" factors, supplementing the *Bonnette* factors, for determining joint employment come from *Torres-Lopez v. May*.[31]

> "These factors are: (1) whether the work was a specialty job on the production line; (2) whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes; (3) whether the premises and equipment of the employer are used for the work; (4) whether the employees had a business organization that could or did shift as a unit from one worksite to another; (5) whether the work was 'piecework' and not work that required initiative, judgment or foresight; (6) whether the employee had an opportunity for profit or loss depending upon the alleged employee's managerial skill; (7) whether there was permanence in the working relationship; and (8) whether the service rendered is an integral part of the alleged employer's business."[32]

None of the *Torres-Lopez* factors applies, either:

- Litzendorf, an independent maintenance contractor, did not perform a specialty job on a production line.[33]
- Litzendorf's independent contractor agreement was only between him and CPM, no one else shared responsibility under the agreement.[34]

---

[30] SOF ¶ 33.

[31] 111 F.3d 633, 640 (9th Cir. 1997)(see e.g., *Moreau v. Air France*, 356 F.3d 942, 947-48 (9th Cir. 2004); *Adams v. US Airways, Inc.*, 2013 U.S. Dist. LEXIS 46790, 2013 WL 1345509 (D. Ariz. March 29, 2013)).

[32] *Montoya*, 2014 U.S. Dist. LEXIS 93806, at *9 (D. Ariz. July 9, 2014).

[33] SOF ¶ 34.

[34] SOF ¶ 35.

8

- Litzendorf's work was performed away from CPM's office and in the residential rental properties CPM managed. Except in extreme circumstances requiring a rare tool, Litzendorf and the other independent maintenance contractors used his own, personal tools.[35]
- Litzendorf was an independent maintenance contractor and did not belong to a business organization that would shift from one worksite to another.[36]
- The maintenance opportunities Litzendorf and other independent maintenance contractors received from CPM via Property Maintenance Solutions were isolated maintenance repairs; they did not require initiative, judgment, or foresight.[37]
- Litzendorf's compensation was dependent only on how much time he spent repairing the maintenance opportunities, he did not have an opportunity for profit or loss from CPM's management or properties or from any other Defendant.[38]
- Litzendorf's independent maintenance contractor agreement did not have any provisions regarding permanence. He was offered maintenance opportunities for as long as he wanted to accept them and for as long as he performed adequately. When Litzendorf had health issues, he asked to stop receiving CPM maintenance opportunities. When he was health, he asked to start receiving them again. When he started misrepresenting the status of maintenance jobs he had accepted, CPM stopped providing him with maintenance opportunities.[39]
- The maintenance Litzendorf performed was not an integral part of CPM's or any other defendants' business. CPM core service is in managing properties, it does not maintain them.[40]

Because none of the factors applies, Plaintiff cannot credibly allege a question of fact about any of Defendants being joint employers with each other.

---

[35] SOF ¶ 36.

[36] SOF ¶ 37.

[37] SOF ¶ 38.

[38] SOF ¶ 39.

[39] SOF ¶ 40.

[40] SOF ¶ 41.

9

Thus, summary judgment is appropriate for all individual defendants and entities that are not CPM.

However, even considering Property Maintenance Solutions as a possible employer—not a joint employer because the factors don't apply—because neither CPM nor Property Maintenance Solutions grosses $500,000 or more in a year, jurisdiction as to them is improper and summary judgment is also appropriate.

### (b) Defendants' annual gross is less than $500,000.

In response to discovery requests, Defendant Cluff Property Management produced its Income Statement from 1 January 2012 through 31 October 2015. The Income Statement clearly shows that the business Cluff Property Management did was never $500,000 or more.[41]

Additionally, Property Maintenance Solutions has never grossed $500,000 or more in any year.[42]

Thus, because Plaintiff cannot present credible evidence regarding CPM's or Property Maintenance Solutions's annual gross exceeding $500,000, summary judgment in favor of CPM and Property Maintenance is appropriate.

---

[41] SOF ¶ 22.
[42] SOF ¶ 16.

**B.     Plaintiff Cannot Establish Individual Coverage**

"Individual coverage" applies if an employee "regularly and directly participat[es] in the actual movement of persons or things in interstate commerce."[43]

As demonstrated above, Plaintiff was not regularly and directly participating in the actual movement of persons or things in interstate commerce. Plaintiff was an independent maintenance contractor performing maintenance work on Arizona rental properties.

Because Plaintiff cannot establish either enterprise or individual coverage, Defendants respectfully request the court enter summary judgment in favor of all Defendants.

DATED this 28th day of April, 2017

---

[43] *Quinonez v. Reliable Auto Glass, LLC*, 2012 U.S. Dist. LEXIS 95624, at *5-6 (D. Ariz. 2012)(qtg. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ("In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA.") An employee may qualify as a covered employee either 1) individually, if they are "engaged in commerce or in the production of goods for commerce," or 2) through their employer, if they are "employed in an enterprise engaged in commerce or in the production of goods for commerce.") See also 29 U.S.C. § 207(a)(1) (mandating time-and-a-half for "employees ... engaged in [interstate] commerce or in the production of goods for [interstate] commerce") and *Zorich v. Long Beach Fire Dept. & Ambulance Serv., Inc.*, 118 F.3d 682, 684 (9th Cir. 1997).

**ANDERSON BANTA CLARKSON PLLC**

By _____
Adam C. Anderson
48 North MacDonald Street
Mesa, AZ 85201
Attorney for all Defendants

I hereby certify that on the 28th day of April, 2017, I served a true and correct copy of the foregoing via the court's ECF system to the following attorneys of record:

Clifford P. Bendau, II
The Bendau Law Firm, PLLC
P.O. Box 97066
Phoenix, AZ 85060
cpbendau@gmail.com
cliffordbendau@bendaulaw.com

_____